IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION



DOCKET NO. 1:10CR87

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CONSENT ORDER AND** |
| v. | ) | **JUDGMENT OF FORFEITURE** |
| | ) | |
| JOEL KIMBLE, | ) | |
| | ) | |
| Defendant. | ) | |

WHEREAS, the defendant JOEL KIMBLE has entered into a plea agreement (incorporated by reference herein) with the United States and has voluntarily pleaded guilty pursuant to Federal Rule of Criminal Procedure 11 to one or more criminal offenses under which forfeiture may be ordered;

WHEREAS, the defendant and the United States stipulate and agree that the property described below constitutes property derived from or traceable to proceeds of the defendant's offense(s) herein; property involved in the offenses, or any property traceable to such property; and/or property used in any manner to facilitate the commission of such offense(s); or substitute property for which under 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e); and is therefore subject to forfeiture pursuant to 18 U.S.C. § 982, 18 U.S.C. § 981(a)(1), and/or 28 U.S.C. § 2461(c);

WHEREAS, the defendant herein waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant;

WHEREAS, pursuant to Federal Rules of Criminal Procedure 32.2(b)(1) & (c)(2), the Court finds that there is the requisite nexus between the property and the offense(s) to which the defendant has pleaded guilty and/or that a personal money judgment in the amount of criminal proceeds may be entered and that the defendant has a legal interest in the property;

WHEREAS, the defendant withdraws any claim previously submitted in response to an administrative forfeiture or civil forfeiture proceeding concerning any of the property described below. If the defendant has not previously submitted such a claim, the defendant hereby waives all right to do so. If any administrative forfeiture or civil forfeiture proceeding concerning any of the property described below has previously been stayed, the defendant hereby consents to a lifting of the stay and consents to forfeiture.

1

WHEREAS, the undersigned United States Magistrate Judge is authorized to enter this Order by the previous Order of this Court No. 3:05MC302-C (September 8, 2005);

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The **following property** is forfeited to the United States:

**– A personal money judgment in forfeiture in the amount of $316,000.00, which sum represents proceeds obtained, directly or indirectly, from the offenses pleaded to.**

The **personal money judgement** in forfeiture shall be included in the sentence of the defendant, and the United States Department of Justice may take steps to collect the judgment from any property, real or personal, of the defendant, in accordance with the substitute asset provisions of 21 U.S.C. § 853(p).

Upon the seizure of any property to satisfy all or part of the judgment, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by 21 U.S.C. § 853(n) and the aforementioned Order of this Court No. 3:05MC302-C (September 8, 2005).

Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered, as provided by Fed. R. Crim. P. 32.2(c)(2). If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

ANNE M. TOMPKINS  
UNITED STATES ATTORNEY

JOEL KIMBLE  
Defendant

MICHAEL E. SAVAGE  
Assistant United States Attorney

CLAIRE J. RAUSCHER  
Attorney for Defendant

Signed this the 7th day of April, 2011.

DENNIS L. HOWELL  
UNITED STATES MAGISTRATE JUDGE